IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE SESSION, 1999

FILED

August 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9712-CR-00474 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. W. FRED AXLEY |
| VINCENT LASANE and | ) | JUDGE |
| TERRENCE L. THOMAS, | ) | |
| | ) | |
| Appellants. | ) | (Sentencing) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANTS:

DEWUN R. SETTLE
Attorney for Terrence L. Thomas
67 Madison, Suite 210
Memphis, TN 38103

LESLIE I. BALLIN
MARK A. MESLER
Attorneys for Vincent Lasane
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM GIBBONS
District Attorney General

ROSEMARY ANDREWS
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED _____

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

DAVID H. WELLES, JUDGE

# OPINION

The Defendants appeal from the sentences ordered by the trial court. On April 24, 1997, the Shelby County Grand Jury indicted Defendant Terrence Thomas for the burglary of a motor vehicle. On May 8, 1997, the Shelby County Grand Jury indicted Defendant Thomas and Defendant Vincent Lasane for burglary and theft of property valued between $10,000 and $60,000. In September of 1997, Defendant Thomas pleaded guilty to burglary of a motor vehicle, and he and Defendant Lasane each pleaded guilty to two counts of theft of property over $10,000, each being a Class C felony. Defendant Thomas received an agreed one-year sentence for the burglary charge, and each of the Defendants received agreed concurrent four-year sentences for the theft charges. The manner of service of the sentences was left to the discretion of the trial judge, and each Defendant requested probation or other alternative sentencing options. The trial judge denied alternative sentencing, ordering that the sentences be served in confinement.

Pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, the Defendants now appeal their sentences. Defendant Thomas presents two issues for our review: (1) whether the trial court abused its discretion by denying him relief in the form of probation or alternative sentencing; and (2) whether the trial court erred by determining that his incarceration would create a deterrent effect. Defendant Lasane presents only one issue for our review: whether the trial court erred by refusing to suspend his sentence. As to Defendant Thomas, we affirm.

As to Defendant Lasane, we reverse the trial court's sentencing determination and remand for proceedings consistent with this opinion.

### A. Burglary of a Motor Vehicle by Defendant Thomas

According to Defendant Thomas' presentence report, on October 26, 1996 a woman reported to police that her pocketbook had been taken from her car while she was shopping. When an officer arrived at the scene, she stated that several credit cards and a driver's license were in the purse. A witness approached the officer and revealed that he had been approached by a black male who had offered to sell him credit cards. The witness provided the officer with a description, and a short while afterwards, the officer spotted Defendant Thomas, who fit the description. The officer stopped Thomas, patted him down, and discovered the credit cards and the driver's license in his pocket. He arrested Thomas and transported him to jail. Thomas claimed to have found the woman's purse near a dumpster, where he took the credit cards.

### B. Theft of Property by Defendant Thomas and Defendant Lasane

At his sentencing hearing on December 8, 1997, Defendant Lasane testified that Defendant Thomas called him at home on December 5, 1996 and told him that he knew where they could obtain some shoes. Lasane, a trucker, picked Thomas up in his company truck, and the two of them drove to a rail yard. Thomas broke into two train trailers, and he and Lasane loaded ninety-nine pairs of new Nike shoes into Lasane's truck. The next day the two of them transported the shoes to a street corner in Memphis and began selling them from the back

of the truck. Lasane testified that they had sold approximately ten pairs of shoes at a price of $50 per pair before the police arrived and placed them under arrest.

Lasane testified that he gave a statement to police officers which aided Nike in recovering the stolen shoes. He also testified that he turned over the money made from the sale of the shoes to police officers on the day of his arrest. However, according to Lasane's presentence report, when asked by officers where they had gotten the shoes, Lasane initially informed them that he had purchased the shoes for resale.

## I. DEFENDANT THOMAS' SENTENCE

Defendant Thomas argues first that the trial court abused its discretion by denying him relief in the form of probation or alternative sentencing. He next argues that the trial court erred by determining that his incarceration would create a deterrent effect. However, as pointed out by the State in its brief, Defendant Thomas has failed to include a copy of his sentencing hearing in the record. It is the defendant's duty to have prepared an adequate record in order to allow a meaningful review on appeal. Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). When no evidence is preserved in the record for review, we are precluded from considering the issues. Roberts, 755 S.W.2d at 836. The presentence report does reflect a prior conviction for armed robbery. We must presume the judgment of the trial court is correct.

## II. DEFENDANT LASANE'S SENTENCE

Defendant Lasane argues that the trial court erred by refusing to suspend his sentence. He contends that the trial court failed to consider the applicable sentencing principles and factors enumerated in State v. Smith, 735 S.W.2d 859 (Tenn. Crim. App. 1987). He points out both his lack of criminal record and his feelings of remorse and insists that he "is an excellent candidate for rehabilitation." He requests relief in the form of partial, if not full, probation.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Generally, a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). The granting or denial of probation rests within the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Under Tennessee law, a defendant is eligible for probation if the sentence imposed is eight years or less, and "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants." Tenn. Code Ann. § 40-35-303(a), (b). However, "even though probation must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) (sentencing commission comments); State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). The defendant bears the burden of demonstrating his suitability for probation. Tenn. Code Ann. § 40-35-303(b).

Tennessee Code Annotated § 40-35-103(1) provides guidance for determining what factors are to be considered in alternative sentences:

Sentences involving confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A)-(C); see State v. Ashby 823 S.W.2d 166, 169 (Tenn. 1991). A court may also apply the mitigating and enhancing factors set forth in Tennessee Code Annotated §§ 40-35-113 and -114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. 40-35-210(b)(5); State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). "Finally, the potential or lack of potential for rehabilitation of a defendant should be considered in determining whether he should be granted an alternative sentence." State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); Tenn. Code Ann. § 40-35-103(5).

As a standard offender convicted of a Class C felony, Defendant Lasane is presumed to be a favorable candidate for alternative sentencing options absent evidence to the contrary. At his sentencing hearing, Lasane testified that he was twenty-nine years old at the time of sentencing and that he had been employed as a truck driver for nine years. He stated that he had been gainfully employed since graduating from high school. Lasane further testified that he was married

and had five children, two of whom lived with him. He reported that he supported all five children, paying child support for the three children who did not live with him; and he maintained that he was current on his child support payments at the time of sentencing. Lasane's presentence report reveals that he has no prior criminal record, with the exception of a warning for disturbing the peace while he was a juvenile in 1985. The presentence report also reveals that no enhancement factors were discovered during the course of the presentence investigation.

The trial judge based his denial of alternative sentencing on the need for deterrence and the circumstances of the offense. The nature and characteristics of the criminal conduct involved are factors that are logically related to the issue of depreciating the seriousness of the offense. State v. Hartley, 818 S.W.2d 370, 375 (Tenn. Crim. App. 1991). When these factors serve as the only basis for denying probation, the nature and characteristics of the offense must be "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," outweighing all other factors favoring probation. State v. Travis, 622 S.W.2d 529, 534 (Tenn. 1981) (emphasis added); see also Hartley, 818 S.W.2d at 375.

Even though a Class C felony theft may be a quite serious offense, the legislature has provided that the presumption of eligibility for alternative sentencing options applies to this offense. The burden is on the State to present

sufficient evidence to overcome this presumption, and the burden may be a heavy one when the defendant has no history of criminal conduct.

The trial judge apparently believed that Defendant Lasane should receive the same sentence as Defendant Thomas. The judge said to Lasane, "You both did the same thing, the same way, at the same time." As we have noted, Defendant Thomas had a prior conviction for armed robbery, while Defendant Lasane has no prior convictions.

From our review of the record, we must conclude that the trial court erred by not granting some form of alternative sentencing in this case. Viewing the record as a whole and considering Defendant Lasane's favorable record and work history, we conclude that the State has not overcome the presumption that Lasane is a favorable candidate for alternative sentencing. Because he is a first offender, we believe probation is appropriate.

Based on the foregoing considerations, we reverse the trial court's sentencing determination for Defendant Lasane, and remand for placement on probation, subject to such reasonable conditions as the trial judge shall determine. The sentences for Defendant Thomas are affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE


_____
NORMA McGEE OGLE, JUDGE